## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT
## CASE NO. _____

|  |  |
|---|---|
| BATH FITTER FRANCHISING, INC.<br><br>Plaintiff,<br><br>v.<br><br>ADVANCED WINDOW SYSTEMS, LLC<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Bath Fitter Franchising, Inc. ("BFFI" or "Plaintiff"), by and through the undersigned counsel, alleges the claims set forth in this Complaint against Defendant, Advanced Window Systems, LLC ("Defendant" or "AWS").

## NATURE OF THE ACTION

1.      This is a civil action for: (a) trademark infringement in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1); (b) unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); and (c) common law trademark infringement and unfair competition.

## PARTIES

2.      BFFI is a corporation organized under the laws of Delaware and has a principal place of business at 102 Evergreen Drive, Springfield, Tennessee 37172.

3.      Upon information and belief, Defendant AWS is a limited liability company organized under the laws of Connecticut and has a principal place of business at 14 Alcap Ridge, Cromwell, Connecticut, 06416-1002.

## JURISDICTION AND VENUE

4.      This Court has original federal question jurisdiction pursuant to 28 U.S.C. § 1331

(federal question), and 28 U.S.C. § 1338(a) (acts of Congress relating to trademarks).  This Court also has supplemental jurisdiction over the related common law claims under 28 U.S.C. § 1367.

5.      This Court has personal jurisdiction over the Defendant because it is a Connecticut company that has purposefully availed itself of the benefits and protections of Connecticut law.

6.      Venue in this Judicial District is proper pursuant to 28 U.S.C. § 1391(b) because the Defendant resides in this District, namely Middlesex County, Connecticut.

**THE BATH FITTER® MARK**

7.      The brand BATH FITTER® was introduced in 1984 by BFFI affiliates in connection with bath and shower remodeling services namely, providing a simple, time-effective solution for commercial properties to update their old bathtubs and showers.  BFFI affiliates entered the residential market shortly thereafter and in 1992, BFFI was created to contribute, *inter alia*, as franchisor, to the continued expansion of goods and services under the brand name BATH FITTER®.

8.      BFFI has been in business for over thirty-five (35) years.  Today, BFFI and its affiliates and franchisees have hundreds of locations in North America and the brand BATH FITTER® is recognized as a preeminent supplier of high-quality bath and shower remodeling products, services and solutions.

9.      On May 20, 1992, BFFI filed United States Trademark Application Serial No. 74277183 for the mark BATH FITTER in connection with, among other things, "bath tub liners, bath and shower walls, shower bases and shower doors" in International Class 11 and "installation of bath tub liners, bath and shower walls, showers bases and shower doors" in International Class 37 (hereinafter, the "'183 App").  On January 24, 1995, the '183 App issued

as U.S. Registration No 1875736 (the " '736 Reg").  Attached hereto as **Exhibit A** is a true and correct copy of the '736 Reg.

10.     The '736 Reg is valid, unrevoked, subsisting, and constitutes conclusive evidence of Plaintiff's exclusive ownership of the mark BATH FITTER® in accordance with 15 U.S.C. § 1115(b).  As an incontestable registration, the '736 Reg is immune to certain challenges such as descriptiveness.

11.     On May 22, 2015, BFFI filed Trademark Application Serial No. 86639628 for the mark BATH FITTER in connection with, among other things, "showers; bathtubs; shower enclosures; bathtub enclosures; shower and bath cubicles; shower panels; shower surrounds; shower trays; bathtub shields in the nature of partial bath walls; shower shields in the nature of partial shower walls; fitted bath tub liners; bath and shower walls; shower bases; shower doors" in International Class 11, "bathroom remodeling and installation services; bath and shower area renovation; consultation in the field of bath and shower area renovation; bath and shower area renovation, namely, tub to shower and shower to tub conversions; providing information in the field of bath and shower area renovation; providing advice in the field of bath and shower area renovation; providing information and advice in the field of maintenance and cleaning of bath tub liners, bath and shower walls, shower bases, shower doors and bathroom accessories" in International Class 37, "custom manufacture of bath tub liners, bath and shower walls, shower bases, shower doors and bathroom accessories" in International Class 40, and "consulting services in the field of bath and shower area design; providing information in the field of bath and shower area design; interior design services, namely, bath and shower area design; providing a web site featuring temporary use of non-downloadable software for designing bath tubs and showers" in International Class 42 (hereinafter, the "'628 App").  On June 14, 2016, the '628

3

App issued as U.S. Registration No. 4976453 (the "'453 Reg"). Attached hereto as **Exhibit B** is a true and correct copy of the '453 Reg.

12.     The '453 Reg is valid, unrevoked, subsisting and constitutes conclusive evidence of Plaintiff's exclusive ownership of the mark BATH FITTER® in accordance with 15 U.S.C. § 1115(b). As an incontestable registration, the '453 Reg is immune to certain challenges such as descriptiveness.

13.     The '453 Reg and the '736 Reg are collectively referred to herein as the "BATH FITTER Mark."

14.     For over three decades, BFFI, directly or indirectly through its affiliates and franchisees, has invested a considerable amount of time and money in establishing the BATH FITTER Mark in the minds of consumers as the source of high quality goods and services. As a result of Plaintiff's and its affiliates' and franchisees' (under license) extensive and continuous use of the BATH FITTER Mark, consumers have come to recognize and identify this mark with Plaintiff. This, in turn, has established extensive goodwill in the BATH FITTER Mark.

## DEFENDANT AND DEFENDANT'S INFRINGING ACTIVITIES

15.     Defendant uses the domain name <www.advancedwindowsystems.com> and website associated therewith, to advertise, offer and provide bathroom remodeling services across the United States including in Cromwell, Connecticut.

16.     Defendant is also the owner of the Facebook page @Advancedwindowsystemsllc and Instagram handle @aws_llc and uses said platforms to advertise, market and offer bath remodeling services.

17.     In early February 2023, Plaintiff became aware of Defendant's use of the mark "Bath Fitter" in connection with its online marketing and advertising of bathroom remodeling

goods and services.  Upon information and belief, Defendant's goal was to attract and solicit

online customers that were searching for BFFI and its affiliates and franchisees.

18.     For example, when a consumer typed Plaintiff's BATH FITTER Mark in the

Google search engine from his or her geographic region (e.g., Milford, CT) a paid advertisement

for Defendant prominently appeared, as shown below:

**Sponsored**

Bath Fitter Service - 55% Off Installations - Bath Fitter Contractor
advancedwindowsystems.com
https://www.advancedwindowsystems.com › bath-shower › replacement



High-Quality & Low Maintenance Custom Bathtubs & Showers With One-Day
Installation.

19.     Defendant's paid advertisement, displayed above, provided a link to Defendant's

website, http//www.advancedwindowsystems.com, below the conspicuous tag line "***Bath Fitter***

Service – 55% Off Installations – ***Bath Fitter*** Contractor" (emphasis added).

20.     Nowhere in the above advertisement does it state that Defendant, allegedly a

provider of a "Bath Fitter Service" and a "Bath Fitter Contractor" is not associated or affiliated

with BFFI or the BATH FITTER Mark.  Indeed, Defendant's use of an identical mark in

connection with identical goods and services was intended to solicit those customers who were

searching for BFFI and/or the brand BATH FITTER® on the Internet.

21.     In an effort to protect its intellectual property and the substantial goodwill

associated with the BATH FITTER Mark, Plaintiff sent Defendant a cease and desist letter on or

about February 14, 2023.  A copy of Plaintiff's February 14, 2023 letter is attached hereto as

**Exhibit C.**

22.     Throughout the next month, Defendant continued its online advertising and marketing campaign using the mark "Bath Fitter" as evidenced by online search results for the BATH FITTER Mark dated March 6-10, 2023.   Attached hereto as **Exhibit D** is a screen shot of said search results dated March 6-10, 2023 (displaying Defendant's tagline "***Bath Fitter* Service** – 55% Off Installations – ***Bath Fitter*** Contractors") (emphasis added).

23.     By letter to Defendant dated March 10, 2023, Plaintiff reiterated its demand to cease and desist use of the BATH FITTER Mark or any confusingly similar iteration thereof.   A true and correct copy of Plaintiff's March 10, 2023 letter is attached hereto as **Exhibit E**.

24.     Plaintiff has yet to receive a response to its correspondence dated February 14, 2023 or March 10, 2023, respectively.

25.     Defendant has continued its online advertising and marketing campaign using the mark "Bath Fitter" as evidenced by online search results for the BATH FITTER Mark dated April 4, 2023.  The tag line appearing in Defendant's online paid advertisement displays Plaintiff's BATH FITTER Mark multiple times as shown below:

Sponsored

advancedwindowsystems.com
https://www.advancedwindowsystems.com   ⋮

Bath Fitter Service - Bath Fitter Company - Bath Fitter Contractor
High-Quality & Low Maintenance Custom Bathtubs & Showers With One-Day Installation.

26.     As  a result of Defendant's continued infringement, Plaintiff had no choice but to initiate the instant action.

## **FIRST CAUSE OF ACTION**

### **(Federal Trademark Infringement '453 Reg, 15 U.S.C. § 1114)**

27.     Plaintiff incorporates the allegations set forth in Paragraphs 1 - 26 above as though fully set forth herein.

28.     This is an action for trademark infringement against the Defendant.

29.     Plaintiff is the owner of the '**453** Reg for the BATH FITTER Mark.

30.     Defendant's mark "Bath Fitter" is identical to Plaintiff's BATH FITTER Mark in appearance, sound and connotation.  Moreover, Defendant is using the mark "Bath Fitter" in connection with goods and services that are identical or closely similar to those provided by Plaintiff and its affiliates and franchisees under the BATH FITTER Mark.

31.     Defendant's use of a confusingly similar mark is likely to cause confusion, deception, and mistake by creating the false and misleading impression that Defendant's goods and services are manufactured, distributed or offered by Plaintiff, or are associated or connected with Plaintiff, or have the sponsorship, endorsement, or approval of Plaintiff.

32.     Defendant's actions constitute trademark infringement in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1), for which Plaintiff has no adequate remedy at law.

33.     Defendant's actions demonstrate an intentional and willful intent to trade on the goodwill associated with the BATH FITTER Mark to Plaintiff's great and irreparable harm.

34.     Defendant caused and is likely to continue causing substantial injury to the public and to Plaintiff and Plaintiff is entitled to injunctive relief and to recover Defendant's profits, actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees under 15 U.S.C. §§ 1114, 1116, and 1117.

## SECOND CAUSE OF ACTION

### (Federal Trademark Infringement the '736 Reg, 15 U.S.C. § 1114)

35.     Plaintiff incorporates the allegations set forth in Paragraphs 1 - 26 above as though fully set forth herein.

36.     This is an action for trademark infringement against the Defendant.

37.     Plaintiff is the owner of the '736 Reg for the BATH FITTER Mark.

38.     Defendant's mark "Bath Fitter" is identical to Plaintiff's BATH FITTER Mark in appearance, sound and connotation.  Moreover, Defendant is using the mark "Bath Fitter" in connection with goods and services that are identical or closely similar to those provided by Plaintiff and its affiliates and franchisees under the BATH FITTER Mark.

39.     Defendant's use of a confusingly similar mark is likely to cause confusion, deception, and mistake by creating the false and misleading impression that Defendant's goods and services are manufactured, distributed or offered by Plaintiff, or are associated or connected with Plaintiff, or have the sponsorship, endorsement, or approval of Plaintiff.

40.     Defendant's actions constitute trademark infringement in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1), for which Plaintiff has no adequate remedy at law.

41.     Defendant's actions demonstrate an intentional and willful intent to trade on the goodwill associated with the BATH FITTER Mark to Plaintiff's great and irreparable harm.

42.     Defendant caused and is likely to continue causing substantial injury to the public and to Plaintiff, and Plaintiff is entitled to injunctive relief and to recover Defendant's profits, actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees under 15 U.S.C. §§ 1114, 1116, and 1117.

### THIRD CAUSE OF ACTION

### (Federal Unfair Competition 15 U.S.C. § 1125(a))

43.     Plaintiff incorporates the allegations set forth in Paragraphs 1 - 26 above as though fully set forth herein.

44.     Plaintiff is the owner of the '453 and the '736 Reg, respectively, for the BATH FITTER Mark.

45.     Since at least as early as February 1992, Plaintiff and, under license, its affiliates and franchisees have used the BATH FITTER Mark to provide bathroom remodeling services and products including, among other things, sale and installation of bath tubs, bath tub liners, bath and shower walls, showers, shower liners, shower bases and shower doors.

46.     Over thirty (30) years later, Plaintiff and, under license, its affiliates and franchisees, continue to sell and distribute said products and services under the BATH FITTER Mark to consumers in the United States and abroad.

47.     As a result of Plaintiff's continuous use of the BATH FITTER Mark on the

aforementioned goods and services, the purchasing public has come to exclusively associate the BATH FITTER Mark with Plaintiff. As such, Plaintiff has established valuable consumer recognition and goodwill in the BATH FITTER Mark.

48.     The BATH FITTER Mark has been used, and continues to be used, by the purchasing public to identify the source of Plaintiff's goods and services and to distinguish Plaintiff's goods and services from those offered by Plaintiff's competitors.

49.     Defendant's actions demonstrate an intentional and willful intent to trade on the goodwill associated with the BATH FITTER Mark to Plaintiff's great and irreparable harm.

50.     Defendant caused and is likely to continue causing substantial injury to the public and to Plaintiff, and Plaintiff is entitled to injunctive relief and to recover Defendant's profits, actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees under 15 U.S.C. §§ 1114, 1116, and 1117.

**FOURTH CAUSE OF ACTION**

**(Common Law Trademark Infringement and Unfair Competition)**

51.     Plaintiff incorporates the allegations set forth in Paragraphs 1 - 26 above as though fully set forth herein.

52.     Defendant's acts constitute common law trademark infringement and unfair competition, and have created and will continue to create, unless restrained by this Court, a likelihood of confusion to the irreparable injury of Plaintiff. Plaintiff has no adequate remedy at law for this injury.

53.     On information and belief, Defendant acted with full knowledge of Plaintiff's use of and common law rights to the BATH FITTER Mark, and without regard to the likelihood of confusion of the public created by Defendant's activities.

54.     Defendant's actions demonstrate an intentional and willful intent to trade on the goodwill associated with the BATH FITTER Mark to the great and irreparable injury of Plaintiff.

55.     As a result of Defendant's acts, Plaintiff has been damaged in an amount not yet determined or ascertainable. At a minimum, however, Plaintiff is entitled to injunctive relief and

to an accounting of Defendant's profits, damages, and costs.  Further, in light of the deliberate and intentional use of a confusingly similar mark, and the need to deter Defendant from engaging in similar conduct in the future, Plaintiff additionally is entitled to punitive damages.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff requests that this Court enter judgment in its favor on each claim for relief set forth above and award it relief, including, but not limited to, the following:

1.      Defendant and all of its agents, officers, employees, representatives, successors, assigns, attorneys, franchisees, dealers, licensees and all other persons acting for, with, by, through or under authority from Defendant, or in concert or participation with Defendant (collectively, "Defendant Group"), and each of them, be enjoined from:

    a.      using the words "Bath Fitter" or any derivative thereof in connection with the advertising, marketing, offer for sale, sale and/or distribution of Defendant Group's goods and services;

    b.      using any trademark, name, logo, design, or source designation of any kind on or in connection with Defendant Group's goods or services that is confusingly similar to the BATH FITTER Mark;

    c.      using any trademark, name, logo, design, or source designation of any kind on or in connection with Defendant Group's goods and services that is likely to cause confusion, mistake, deception, or public misunderstanding that such goods or services are produced or provided by Plaintiff, or are sponsored or authorized by Plaintiff, or are in any way connected or related to Plaintiff; and

    d.      continuing any and all acts of unfair competition as alleged in this Complaint.

2.      Defendant Group be ordered to cease offering for sale, marketing, promoting and selling goods and services using the words "Bath Fitter", any derivative thereof or any other mark confusingly similar to the BATH FITTER Mark.

3.      Defendant Group be compelled to account to Plaintiff for any and all profits derived by Defendant Group from its use of the words "Bath Fitter";

4.      Plaintiff be awarded all damages caused by the acts forming the basis of this Complaint;

5.      Based on Defendant's knowing and intentional use of a confusingly similar mark, that the damages awarded be trebled and the award of Defendant Group's profits be enhanced as provided for by 15 U.S.C. § 1117(a);

6.      Defendant be required to pay to Plaintiff the costs and reasonable attorneys' fees incurred by Plaintiff in this action pursuant to 15 U.S.C. § 1117(a);

7.      Based on Defendant's willful and deliberate infringement of the BATH FITTER Mark, and to deter such conduct in the future, Plaintiff be awarded punitive damages;

8.      Plaintiff be awarded prejudgment and post-judgment interest on all monetary awards; and

9.      Plaintiff be granted such other and further relief as the Court may deem just.

## REQUEST FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38, Plaintiff respectfully demands a trial by jury on all issues properly triable by a jury in this action.

Dated: April 28, 2023                          Respectfully submitted,

**GILBRIDE, TUSA LAST & SPELLANE LLC**
*Local Counsel for Plaintiff*

By: _____

Todd S. Sharinn (TS0581)
1011 High Ridge Road, Suite 305
Stamford, CT 06905
Telephone: (203) 542-8418
Facsimile: (203) 622-9392
tss@gtlslaw.com

James R. Menker (Florida Bar No. 0019306)
E-mail: eastdocket@holleymenker.com
Stephanie C. Alvarez (Florida Bar No. 0127280)
E-mail:salvarez@holleymenker.com
HOLLEY & MENKER, PA
60 Ocean Beach Boulevard, Suite 3
Atlantic Beach, Florida 32233
Telephone: 305.505.6751
Facsimile: 202.280.1177

(*Pro Hac Vice* Forthcoming)


*Attorneys for Plaintiff, BFFI*